Nellie MORTON, Executrix of the Estate of Mary Elizabeth FRENKEN, Deceased *v.* Nada McCOMB, Guardian of the Estate of Gertrude JARRETT, NCM

83-242                                      662 S.W.2d 471

Supreme Court of Arkansas
Opinion delivered December 19, 1983
[Rehearing denied January 23, 1984.]

126

*Ponder & Jarboe*, by: *Harry L. Ponder*, for appellant.

*King & King*, by: *Jim King*, for appellee.

DARRELL HICKMAN, Justice. The two questions in this case are: (1) Whether two savings accounts at the Bank of Pocahontas were properly designated in writing as payable-on-death accounts, and (2) the meaning of a designation where an account is payable-on-death to three separate individuals, share and share alike, and only one of those individuals survives the owner of the account.

The case was submitted on an agreed set of facts to the Chancery Court of Randolph County. The chancery judge found that the accounts had been properly designated in writing as required by statute and our cases and that the survivor of the three individuals took the entire account. We affirm the judgment.

Mary Elizabeth Frenken opened two savings accounts at the Bank of Pocahontas and from their inception there is evidence that she intended the accounts to be payable-on-death accounts as authorized by Ark. Stat. Ann. § 67-552 (Repl. 1980). Mrs. Frenken signed two signature cards in January, 1976, and immediately below her signature on both was typed, "Mrs. Mary E. Frenken, Payable in case of death

to: Mrs. Gertrude Jarrett, Mrs. Kate Million & Mrs. Mary E. Alexander, share and share alike."

When Mrs. Frenken died only one of the three individuals designated survived her, Mrs. Gertrude Jarrett. The Bank of Pocahontas was allowed to interplead the money contained in the accounts and Mrs. Jarrett was represented by a guardian and claimed the entire proceeds of the savings accounts. The estate took the position that upon the death of Mrs. Frenken the money should be shared equally with the heirs of the deceased individuals designated in the accounts or their shares should revert to the estate.

In *Cook* v. *Bevill,* 246 Ark. 805, 440 S.W.2d 570 (1969), we discussed Ark. Stat. Ann. § 67-552 and held that there must be substantial compliance with the "designation in writing" requirements of that act. There had been no substantial compliance in the *Cook* case. In *McDonald* v. *Treat,* 268 Ark. 52, 593 S.W.2d 462 (1980), we dealt with a payable-on-death account which had not been designated in writing and reaffirmed the decision in *Cook* v. *Bevill, supra.* In this case it was plainly typed on the signature cards that these were payable-on-death accounts, the individuals were named who would receive the accounts if they survived Mrs. Frenken, and the cards were signed.

The fact that the typing was below the signatures in this case is of no consequence. There is no suggestion at all that the designations were typed after Mrs. Frenken signed the cards.

The other issue presents some problems but we do not hesitate in holding, as the chancellor held, that the survivor of the three named individuals should receive the proceeds of the savings accounts. The language of the applicable Arkansas statues decides the case. First, we have decided that Mrs. Frenken properly designated in writing that these were accounts to be paid upon her death. That complies with Ark. Stat. Ann. § 67-552 (e). Ark. Stat. Ann. § 67-552 (f) reads:

(f) Upon the death of the holder of the account or certificate of deposit, the person or persons designated

by him and who have survived him shall be the owners of the same *(as joing tenants with right of survivorship if more than (1)* and any payment made by the banking institution to any such persons shall be a complete discharge of the banking institution as to the amount paid. (Emphasis added.)

These were two accounts where more than one person was designated to receive the accounts and the statute clearly provides that where there is more than one person designated, they hold as joint tenants with right of survivorship. It is true in some instances the words "share and share alike" are interpreted to mean the estate would be held in common rather than jointly. But the property in question in this case is two savings accounts and their nature is governed by the appropriate legislation.

Affirmed.