## Lewis MAGRUDER *v.* ARKANSAS GAME AND FISH COMMISSION

85-162                                            698 S.W.2d 299

Supreme Court of Arkansas
Opinion delivered November 12, 1985

*Smith, Smith & Duke*, by: *Griffin Smith*, for appellant.

*P. Douglas Mays*, for appellee.

DAVID NEWBERN, Justice. The appellant challenged an Arkansas Game and Fish Commission regulation. The chancellor did not rule on the merits of the regulation but held solely that the appellant lacked standing to challenge the regulation. We conclude that the appellant had standing sufficient to mount the challenge, and thus we reverse and remand the case for a determination on the merits.

The commission imposed a regulation providing that black bass under fifteen inches long could not be taken from Lake Maumelle. The chancellor held the regulation was unconstitutional because Ark. Const. amend. 35, § 8, prohibits the commission from regulating less than a complete zone except in emergencies. Then the commission passed a regulation making every body of water in Arkansas a separate zone. The fifteen-inch minimum was thereafter reimposed on Lake Maumelle.

The appellant obtained from the chancellor an order reopening the case in which the original regulation was held unconstitutional. After reopening the case, the chancellor issued a memorandum of decision to counsel for both parties. The memorandum noted that Lake Maumelle is the property of the Little Rock

Municipal Water Works and that the authority to manage the fish stock has been conferred by the water works on the commission by agreement. The memorandum further said that if the commission owned the lake its rule on the minimum length of black bass to be taken would be unconstitutional but that under the prevailing circumstances only the water works could have standing to challenge or "fault" the commission. Counsel for the commission was asked to draw an order based on the memorandum.

The order dismissed the appellant's claim. It recited that zoning by the commission was not at issue and that Lake Maumelle was owned by the water works which had conferred authority to manage fishing on the lake.

While the chancellor's memorandum said that the commission's zoning scheme would be unconstitutional if it owned the lake, his order made it clear that the constitutionality of the zoning scheme was not decided. The very most we can make of the memorandum and the order based on it is that the chancellor's decision was only that the appellant lacked standing. While the appellant would have us rule on the question of the constitutionality of the regulation in question, we are not in a position to overturn a ruling the chancellor did not make.

[1]    Our holding is that the chancellor erred in concluding the appellant lacked standing to challenge the regulation. The appellant alleged he was a licensed fisherman who frequently fished Lake Maumelle. Nothing in the record showed the commission challenged that allegation. If the commission's regulation is to be enforced it will have an effect on persons who fish Lake Maumelle regardless of who owns the lake. One whose rights are thus affected by a statute has standing to challenge it on constitutional grounds. *Thompson* v. *Arkansas Social Services*, 282 Ark. 369, 669 S.W.2d 878 (1984); *Sweeney* v. *Sweeney*, 267 Ark. 595, 593 S.W.2d 21 (1980). The same rule applies to official acts other than statutes, *Rogers* v. *Paul*, 382 U.S. 198 (1965), and thus it applies to the regulation in question here.

Reversed and remanded.

PURTLE, J., not participating.