The ELECTORS OF ETOWAH SCHOOL DISTRICT
*v.* MISSISSIPPI COUNTY BOARD OF EDUCATION,
et al.

86-294                                      731 S.W.2d 187

Supreme Court of Arkansas
Opinion delivered June 22, 1987

*Michael Everett*, for appellants.

*Fendler, Gibson & Bearden*, by: *Michael L. Gibson*, for

appellees.

DARRELL HICKMAN, Justice. This is a school consolidation case. The appellants, patrons and electors of the Etowah School District, which is in Mississippi County, sought consolidation with the Lepanto School District, which is an adjacent school district but located in Poinsett County. The Poinsett County Board of Education granted the petition, which called for an election. The petition was not acted upon by the Mississippi County Board of Education. Instead the Mississippi County Board honored a resolution of the Etowah School Board which sought annexation to the Manila School District. The circuit court upheld that action and refused appellants' request for a writ of mandamus ordering consolidation of Etowah with Lepanto.

On appeal the argument is that the trial court was wrong in denying mandamus because the appellants complied with the new law on annexation, and the county board was required to grant appellants' petition to consolidate Etowah with Lepanto. The circuit court made the correct decision.

School consolidation has always been a volatile issue. Massive consolidation occurred in Arkansas during the 1930's and 1940's, but many small school districts remained. In 1983, we decided financing for public schools should be equal or nearly so. *DuPree* v. *Alma School District No. 30*, 279 Ark. 340, 651 S.W.2d 90 (1983). One consequence of this decision was the Quality Education Act of 1983. Act 445 of 1983. Since some school districts would probably be unable to comply with the new education standards, this new act gave those districts the choice of seeking voluntary annexation with an adjoining school district. Ark. Stat. Ann. § 80-4609(c) (Supp. 1985). Under this law the electors of the district or the school board could decide which adjacent school district to join. The statute provides:

> Between June 1, 1984, and June 1, 1987, any school district may be annexed to one or more adjoining school districts by petitioning the county board of education of the county in which such district is administered to order the annexation. The annexation request may be by resolution of the board of directors of the district or by a petition signed by majority of the qualified electors in the district. Upon receipt of a request for annexation, the county board

of education shall hold a hearing on the request and shall then order the annexation of the district to one or more adjoining school districts. If the county board of education fails to act within sixty (60) days of receipt of a request for annexation, the petitioning district may request the circuit court to issue a writ of mandamus to said county board.

The history of Etowah's efforts to face its problems is extensive. Etowah is located entirely in Mississippi County. It is adjacent to three school districts: South Mississippi County School District (Rivercrest), Manila School District, and the Lepanto School District in Poinsett County. Evidently, Etowah could not comply with the new standards.

The first action taken was a petition by the Etowah School Board for an election to decide whether to consolidate with Rivercrest. The Mississippi County Board of Education approved the election. But the voters rejected this proposal in June, 1985. Immediately, the Etowah School Board adopted a resolution to petition the county board to combine the top four grades with an adjoining district and the lower grades and kindergarten were to remain a separate district. In July, 1985, this resolution was amended to provide that the top four grades be annexed to Rivercrest.

A suit was filed in chancery court to have the Etowah School Board's resolution declared void and to enjoin the county board from acting on the resolution. The chancellor dismissed the complaint and no appeal was taken.

During this time, on June 24, 1985, some electors of the Etowah District and the Lepanto School District petitioned the Poinsett County Board of Education and the Mississippi County Board of Education for a special election on whether to consolidate Etowah with Lepanto. The Poinsett County Board approved the petition; the Mississippi County Board did not act on the petition. This is the petition which the appellants contend the county board was required to honor pursuant to Ark. Stat. Ann. § 80-4609(c) (Supp. 1985). The Mississippi County Board never acted.

On January 23, 1986, the appellants, representing the electors of the Etowah and Lepanto Districts, filed a suit in circuit

court seeking mandamus against the board. On April 25, 1986, in a special meeting, the Etowah School Board, by resolution, revoked the previous resolution and petitioned the Mississippi County Board of Education to order annexation of Etowah with Manila. On May 19, 1986, the circuit court, in agreement with the parties, ordered the county board to meet and consider the two petitions—the one filed by the patrons for consolidation with Lepanto and the Etowah School Board's petition to annex to Manila. A lengthy hearing was held and the county board decided that the Etowah School Board's petition should be granted. Annexation was ordered effective July 1, 1986. An appeal was promptly filed in circuit court with a pleading titled "Second Amended and Substituted Complaint." After a hearing, the circuit court upheld the board's action and this appeal was filed.

The legal issue is simple. If the appellants' original petition complied with Ark. Stat. Ann. § 80-4609(c), the county board of education had to grant it. Appellants' petition states:

> We, the undersigned electors of Etowah School District No. 36 and of Lepanto School District No. 14, do hereby petition the County Boards of Education in Poinsett and Mississippi Counties to call a special election to submit to the electors of these two school districts the question of the consolidation of Etowah School District No. 36 with Lepanto School District No. 14 and the creation of a new school district for the consolidated area to be governed by a board with three members from the area of Etowah School District No. 36 and three members from the area of Lepanto School District No. 14. In the event this petition is signed by more than 50% of the electors of these two areas, then we petition the two County Boards of Education to direct the consolidation and creation of a new district.

This petition does not comply with the new law, and it is not, in our judgment, an effort to comply with the requirements of Ark. Stat. Ann. § 80-4609(c). This law provides an easy way for a school district to dissolve itself and simply join an adjacent school district. The only requirement is that either a majority of the electors of the district, or the school board petition for the annexation. The choice of which adjacent district to join is given

to the petitioners. The rest is automatic; the county board must honor the request and the circuit court is to issue a mandamus if the board refuses.

The appellants sought to condition this request by retaining some elements of power in the electors of the Etowah District and some remnants of the Etowah District. The appellants asked for a special election to create a *new district* which would be governed by three board members from the Etowah District and three from the Lepanto District. This was obviously not the type of annexation the legislature contemplated by Ark. Stat. Ann. § 80-4609(c). The electors' petition followed the consolidation procedure of Ark. Stat. Ann. § 80-414 (Repl. 1980). Under that statute, the county board is not required to approve the petition but has some discretion in the matter. The statute reads in part: . . . "[I]f in the judgment of said boards such a district should be formed, shall issue an order transferring the territory affected in their respective counties, to the proposed district."

The Mississippi County Board of Education was not required to grant the petition filed by the appellants, because it was not in compliance with Ark. Stat. Ann. § 80-4609(c); it was required to adopt the petition filed by the school board because it did comply with the statute; therefore, the trial court's order denying a request for mandamus is affirmed.

It is not necessary for us to discuss several collateral matters, such as whether the appellants actually represented a majority of the electors, or the fact Lepanto has since merged with Tyronza, or the form of the school board's request.

Affirmed.