URREY CERAMIC TILE CO., Inc. *v.* Robert E. MOSLEY, Thelma Mosley His Wife, First National Bank of Magnolia, Arkansas, Paul W. Sanders, Individually, and Paul Wayne Sanders Contracting Inc.

90-144                                    805 S.W.2d 54

Supreme Court of Arkansas
Opinion delivered March 4, 1991

*Reuben C. Pinkston, Jr.,* for appellant.

*Keith, Clegg & Eckert,* by: *W.A. Eckert,* for appellee.

TOM GLAZE, Justice. This appeal primarily involves a materialman's lien claim and the constitutionality of Ark. Code Ann. § 18-44-115(f) (1987). Generally, under § 18-44-115(a)-(d) (1987), the principal contractor, prior to any materials being supplied, must give notice to the property owners of any potential lien claimants under his contract before a lien can be acquired against the owners' property.[1] Provision (f) of § 18-44-115 exempts a licensed contractor doing industrial or commercial construction from having to give such notice to property owners.

In the present case, appellees Robert and Thelma Mosley, as property owners, contracted with appellee Paul Sanders Contracting, Inc. (Sanders), as the principal contractor, to construct a commercial building. Appellant, a licensed contractor, had contracted with Sanders to furnish and install tile required in the Mosley project. Neither Sanders nor the appellant gave any notice required under § 18-44-115. Thus, when the Mosleys paid Sanders the full amount of the contract, $361,000.00, and Sanders failed to pay appellant, the appellant brought this suit against the Mosleys and Sanders for labor and materials and to establish, among other things, its materialman's lien against the Mosley's property. In doing so, appellant claimed § 18-44-115(f) did not require it to give the Mosleys any notice as a predicate to obtaining its lien.

The Mosleys defended appellant's suit by filing a summary judgment motion, arguing that the notice exemption for licensed contractors doing commercial construction in § 18-44-115(f) violated the equal protection clause, and therefore was unconstitutional. Agreeing that the statutory provision was unconstitutional, the trial court found the materialman's lien to be unenforceable, and it dismissed appellant's suit with prejudice.[2] On

---

[1] Although not relevant here, any potential lien claimant may, of course, give notice so as to perfect his lien. *See* § 18-44-115(b).

[2] We note the trial court made other rulings not at issue in this appeal. In this

appeal, the appellant argues that the appellees did not have standing to challenge the constitutionally of § 18-44-115(f) and that the trial court erred in finding that statutory provision unconstitutional. We see no merit in the appellant's arguments and therefore affirm.

First, we address the appellant's argument that the Moselys do not have standing to challenge the constitutionality of § 18-44-115(f). Specifically, the appellant argues that we should not address the Moselys' equal protection argument because they are not in one of the classes, licensed contractors or unlicensed contractors, affected by provision (f); thus, they are asserting rights that are personal to others. We do not agree.

■ This court has held that to have standing to challenge the constitutionality of a statute, it must be unconstitutional as applied to the litigant. A party may not obtain a decision on the validity of a statute on the ground that it impairs the rights of others. *Mahurin* v. *Oaklawn Jockey Club*, 299 Ark. 13, 771 S.W.2d 19 (1989). But, one whose rights are affected by a statute has standing to challenge it on constitutional grounds. *Macgruder* v. *Arkansas Game & Fish Comm'n*, 287 Ark. 343, 698 S.W.2d 299 (1985).

■ In *Huffman* v. *Dawkins*, 273 Ark. 520, 622 S.W.2d 159 (1981), we held that a beneficiary of a will had standing to argue that the statute permitting a widow to take her dower or one-third interest against the will violated the equal protection clause because no similar provision was provided for males. In holding the beneficiary had standing, this court stated the key to deciding whether the beneficiary had standing to challenge the statute's constitutionality was whether the party (beneficiary) stood to lose financially. *Id*. Likewise here, if the notice exemption provided for licensed contractors in provision (f) is found to be constitutional, then the Moselys' property is subject to a materialman's lien claim, of which they had no prior notice. In these circumstances, the Moselys unquestionably stand to lose financially.

---

connection, the trial court found that the laborer's lien was unenforceable because the appellant's evidence failed to show the labor costs less profits. The trial court awarded a judgment in favor of the appellant against Paul Sanders Construction, Inc. and Paul Sanders, individually, for $12,120.00.

In addition, the Mosleys were also affected by provision (f) in another respect. As indicated previously, the primary purpose of § 18-44-115 is to give property owners notice of possible lien claims against their property. With advance notice, property owners can make provisions to protect their property from such claims. Provision (f) took away the Mosleys' right to notice, therefore we agree with the trial court's finding that the appellees had standing to challenge the constitutionality of the statute.

Since we hold that the appellees have standing, we address their argument that § 18-44-115(f) violates the equal protection clause. In pertinent part, § 18-44-115 provides the following:

> (a)   No lien may be acquired by virtue of this subchapter unless the owner or his authorized agent has received, by personal delivery, or by certified mail return receipt signed by addressee only requested a copy of the notice set out in subsection (c) of this section, as evidenced by the signature of the owner, prior to the furnishing of the material, fixture, engine, boiler, or machinery. The notice required by this section shall not require the signature of the owner or his authorized agent in instances where the notice is delivered by certified mail.
>
> (b)   It shall be the duty of the principal contractor to give the owner or his authorized agent the notice set out in subsection (c) of this section on behalf of all potential lien claimants under his contract prior to the supplying any materials, fixtures, engines, boilers, or machinery. Any potential lien claimant may also give notice. However, no lien may be acquired for any material, fixture, engine boiler, or machinery furnished prior to the receipt of notice by the owner or his authorized agent.
>
> *          *          *
>
> (f)   The provisions of this section shall not be applicable to commercial and industrial construction performed by contractors licensed under § 17-22-101 et seq.

■■   This court has stated that all reasonable doubt must be resolved in favor of the constitutionality of a statute, and the burden of proving a statute to be unconstitutional is upon the party challenging it. *Citizens Bank* v. *Estate of PettyJohn*, 282

Ark. 222, 667 S.W.2d 657 (1984). And, if it is possible for this court to construe a statute as to meet the test of constitutionality, it will do so. *Taylor* v. *Finch*, 288 Ark. 50, 701 S.W.2d 377 (1986).

■ The appellees argue and the trial court held that provision (f) is unconstitutional because it granted a special privilege to a "class" of people (licensed contractors) not belonging to all. As set out above, provison (f) exempts licensed contractors performing commercial and industrial construction from giving notice to property owners. Of course, the equal protection clause does not prohibit all statutory classification. *Yarbrough* v. *Ark. State Hwy. Comm'n*, 260 Ark. 161, 539 S.W.2d 419 (1976). Classification is permissible if it has a rational basis and is reasonably related to the purpose of the statute. *Dicks* v. *Naff*, 255 Ark. 357, 500 S.W.2d 350 (1973), *cert. den.*, 415 U.S. 958 (1974).

■ In reviewing, § 18-44-115, we see no rational basis for the classification of licensed contractors performing commercial and industrial construction from other contractors. The purpose of this statutory provision was to give property owners notice, as required by the due process clause, of possible lien claims against their property. *See generally* Nickles, *Creditor's Professional Remedies and Debtor's Due Process Rights: Statutory Liens in Arkansas*, 32 Ark. L. Rev. 185 (1978).

Appellant argues that commercial property owners are more sophisticated than residential owners and that § 18-44-115(f) merely recognizes that such commercial owners, contracting with licensed contractors, are more capable of protecting themselves against potential lien claims. We cannot agree.

First we are not persuaded that a person hiring a licensed contractor to do commercial or industrial construction needs less protection than a person doing residential construction. Such an argument erroneously assumes that all persons building commercial or industrial facilities are more sophisticated than those involved in residential construction — a presumption that we cannot indulge. Second, while we are aware that licensed contractors are subject to strictures and qualifications that unlicensed contractors are not, *see* Ark. Code Ann. §§ 17-22-301 — 315 (1987), we fail to see how those requirements aid property owners

in obtaining the notice necessary to protect themselves against potential lien claims against their property.

■ Finally, the mere fact that a contractor is licensed and is performing commercial or industrial construction does not remove the property owner's constitutional right to have notice of lien claims so the owner can protect his or her property. On this point, we recognize that the trial judge did not address the notice question in due process terms. However, in making their constitutional argument below, the Mosleys not only relied on their equal protection argument, but also broadly cited to the fourteenth amendment to the United States Constitution when discussing § 18-44-115(f) and its failure to provide notice to property owners. In any event, even though the trial court failed to mention in its decision provision (f)'s failure to afford property owners due process, we will affirm the trial court's judgment if it is right even though the court announced the wrong reason for its ruling. *See, e.g., Ratliff v. Moss*, 284 Ark. 16, 678 S.W.2d 369 (1984).

For the reasons stated above, we affirm.

BROWN, J., concurs.

ROBERT L. BROWN, Justice; concurring. I would affirm solely on the basis of lack of notice to the property owners, that is, on due process grounds.