The Honorable Phil Wyrick State Representative 1101 Alexander Road Mabelvale, Arkansas 72103-1905
Dear Representative Wyrick:
This is in response to your request for an opinion on the Arkansas Supreme Court's recent decision in Urrey Ceramic TileCompany v. Mosley, 304 Ark. 711, S.W.2d (1991). Specifically, you note that some of your constituents have expressed interest and concern over this case because it seems to imply that commercial contractors may be left "holding the bag" as far as payment for services, materials, and installation are concerned. You ask for my opinion so that you can advise your constituents what they need to do to protect their interest in commercial building situations.
The case you cite held unconstitutional an exemption in a notice statute for mechanics and materialmen. The statute, A.C.A. §18-44-115, is found in a chapter providing for mechanics and materialmen's liens against the property improved by their work. The particular statute in question provides that no lien may be acquired by virtue of that subchapter unless the owner of the property, or his agent, receives a notice, in a certain form, prior to the furnishing of any material, fixture, or machinery. The principal contractor is to give the notice, but any potential lien claimant may also give the notice.
Subsection (f) of the statute provides that "[t]he provisions of this section shall not be applicable to commercial and industrial construction performed by contractors licensed under § 17-22-101et seq. It is this exemption that the Arkansas Supreme Court held unconstitutional as violating both the equal protection clause (because there was not a rational basis for distinguishing between these contractors and other contractors) and the due process clause (because it failed to provide adequate notice to the owner so that he might protect his interest).
In the Urrey case, a contractor who performed the tile work on a commercial project brought suit to enforce his materialman's lien after the principal contractor on the job failed to pay him in full. Neither the principal contractor nor the tile contractor had given the notice required by A.C.A. § 18-44-115. The tile contractor argued that he was not required to give the notice because he fell within the exception for licensed contractors performing work on industrial or commercial projects.
The court held the exemption unconstitutional, and thus denied the tile contractor any right to enforce his materialman's lien.
The obvious import of the court's decision is that these contractors may not be exempted from the notice provisions of §18-44-115. Thus, in order to be able to enforce a mechanics' or materialman's lien against the owner's property, they must hereafter give the notice required by that section.
A problem arises, however, as to instances in which materials have already been furnished on projects which are still uncompleted and unpaid for. Some of these contractors, in reliance on the exception contained in subsection (f), may not have given the notice required. They are placed in the same position as the tile contractor in Urrey, and will be unable to enforce their liens if they are not paid in full by the principal contractor.
This is true because when the Arkansas Supreme Court declares a statute unconstitutional, it must be treated as if it had never been passed. Huffman v. Dawkins, 273 Ark. 520, 622 S.W.2d 159
(1981). If the exception in subsection (f) had never been passed, all contractors wishing to enforce materialmen's liens were required to give the § 18-44-115 notice all along. If, when the unconstitutional portion of a statute is stricken out, that which remains is complete in itself, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must be sustained.Borchert v. Scott, 248 Ark. 1041, 460 S.W.2d 28 (1970). Thus, all other provisions of § 18-44-115, including those requiring the giving of the notice, remain intact. The exception for licensed contractors working on commercial projects was added by a separate, later act. See Act 304 of 1983. Thus, the remainder of the statute, after the unconstitutional exception is stricken, is complete in itself, and in fact did stand by itself before the law was amended in 1983.
Licensed contractors, therefore, who are currently working on commercial projects, are in a vulnerable position if the required notice has not been given, should they seek to enforce their liens against the owner's property. They should confer with their own private counsel for advice on the best ways to protect their interests, as I am prohibited from engaging in the private practice of law. A.C.A. § 25-16-701.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb