The Honorable David S. Clinger Prosecuting Attorney P.O. Box 536 Berryville, AR 72616
Dear Mr. Clinger:
This is in response to your request for an opinion concerning the proper application and interpretation of A.C.A. § 12-62-410. I have paraphrased your question as follows:
 Does A.C.A. § 12-62-410 exempt National Guard members from the payment of that portion of the real and personal property taxes which are designated for road purposes?
It is my understanding that your question relates to the three mill county road tax authorized in Amendment 61 to the Arkansas Constitution. That provision grants county quorum courts the authority to levy a tax on real and personal property, with the revenues to be used solely for constructing and repairing public roads and bridges within the county in which the tax was levied.
It is my opinion that the answer to your question is "no." A.C.A. § 12-62-410 does not exempt National Guard members from the payment of that portion of the real and personal property taxes which are designated for road purposes.
Ark. Code Ann. § 12-62-410 states:
 (a) In lieu of state and city automobile tags, each active member of the Arkansas Army National Guard and the Air National Guard shall be required to affix to their respective automobile or pick-up truck, if used as personal conveyance and not used for commercial purposes, a regulation tag to be supplied by the Adjutant General bearing a serial number and a National Guard designation.
 (b) They shall likewise be exempt from the payment of any road tax and from any road duty whatsoever under the laws of this state.
Although this statute exempts National Guard members from the payment of "road taxes" and "road duties," it is my opinion that the statute does not seem to contemplate an exemption from the payment of the three mill county road tax levied on real and personal property which is authorized in Amendment 61.
Ark. Code Ann. § 12-62-410 was enacted by the General Assembly in 1969 and therefore would not have taken into consideration those road taxes authorized in 1982 when Amendment 61 was approved. Additionally, when the provisions of the law pertaining to privileges of military personnel are read as a whole, the intent of the Act seems to contemplate providing for the orderly carrying out of official duties of the organized militia. In addition to those exemptions for National Guard members set out in A.C.A. § 12-62-410, § 12-62-401 grants members the privilege from arrest during their attendance at, and going to and returning from, drills. Section 12-62-407 exempts members from the restrictions of municipal traffic regulations while on authorized duty. Section 12-62-409 grants members free passage through all tollgates and over all ferries when they present an order for duty. Sections 12-62-408 and 12-62-412 penalize persons who hinder, delay or obstruct any unit of the organized militia wherever performing any military duty, and persons who interrupt, molest, or insult by abusive words or behavior any officer of the organized militia while on duty. Read together, these statutes would seem to pertain to preventing the interruption of official duties of National Guard members during their day-to-day activities. The statutes would not seem to indicate the granting of some special privilege of a personal nature to members, such as exemption from personal and real property taxes.
Finally, exempting National Guard members from the payment of real and personal property taxes would appear to be contrary to Article 16, §§ 5 and 6 of the Arkansas Constitution. With respect to the scope of permissible exemptions under §§ 5 and 6 of Article 16, I have attached a copy of Op. Att'y. Gen. 91-265, which addresses this issue. Statutes will be construed, if possible, as constitutional, Urrey Ceramic Tile Co. v. Mosley,304 Ark. 711, 805 S.W.2d 54 (1991), and, if it is possible to construe an act so that it will meet the test of constitutionality, courts not only may, but should and will do so. Love v. Hill, 297 Ark. 96, 759 S.W.2d 550 (1988).
In sum, it would appear that the intent of the legislature in enacting A.C.A. § 12-62-410 did not include the exemption of National Guard members from the payment of that portion of the real and personal property taxes which are designated for road purposes. Additionally, the statute, in my opinion, will be construed in this manner to avoid any constitutional problems.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure