The Honorable N.B. "Nap" Murphy State Representative South Main Street Hamburg, AR 71646
Dear Representative Murphy:
This is in response to your request for an opinion regarding A.C.A. § 6-15-207(c) (Cum. Supp. 1991). Your questions are as follows:
If a school district petitions the County Board under Ark. Code Ann. 6-15-206(c)[1] to combine their top four or top six grades with an adjoining district:
1. Does the County Board have any discretion or option to make a decision, or is the County Board absolutely required to grant the petition, regardless of condition?
2. If the County Board grants the Petition, but the `receiving' district Board does not wish to accept those grades, does the `receiving' district have any option or choice in the matter? For example, if the receiving district board voted against accepting those students, or if the matter were reverted to the electors and they voted against accepting those students, would that prevent the sending of those students to the `receiving' district?
3. Is there any mechanism under Arkansas law whereby the top three (rather than four or six) grades of the `sending' district can be accepted by another district, whether on a tuition basis or otherwise, if the Boards of both districts are in agreement, without a consolidation of the districts?
4. Is Ark. Code Ann. 6-15-206(c) constitutional?
It is my opinion, in response to your first question, that the county board of education does not have the discretion to deny a petition that complies with A.C.A. § 6-15-207(c) (Cum. Supp. 1991). But see n. 2, infra. If the petition is made in accordance with this Code section, it must be granted.[2] Subsection (c) of § 6-15-207 states in pertinent part:
1) Any school district may petition the county board of education of the county in which the district is administered to combine the district's top four (4) or top six (6) grades with an adjoining district which operates a secondary program which meets the minimum standards for accreditation.
2) Upon receipt of such a petition, the county board of education shall order the combination of the secondary program of such district with an adjoining district, for purposes of operation of the top four (4) or top six (6) grades. [Emphasis added.]
The language emphasized above compels the conclusion that the county board may not exercise discretion in connection with a petition that is properly presented under this provision. See generally Electors of Etowah School Dist. v. Mississippi County Bd. of Education, 292 Ark. 472, 731 S.W.2d 187 (1987) (regarding a similar provision under the former Ark. Stat. Ann. § 80-469(c) (Repl. 1980)).
It is my opinion that the answer to your second question is "no." Section 6-15-207(c)(3) (Cum. Supp. 1991) states:
Any school district directed by order of the county board of education to participate in such a combination is mandated to accept the students transferred to such district.
There appears to be no exception to this mandate.
It is my opinion that the answer to your third question, involving the top three rather than the top four or six grades, is "no." Section 6-15-207 (Cum. Supp. 1991) is, in my opinion, the controlling legislation as far as any effort to combine educational programs is concerned.[3] This statute makes no provision for combining a district's top three grades with an adjoining district. Nor am I aware of any separate authority in this regard. While, as noted in Opinion 92-036 (copy enclosed), there is a mechanism for consolidating or annexing a high school with another district (see A.C.A. § 6-20-309(e)(2) (Cum. Supp. 1991)), this procedure is distinct from an effort to combine educational programs.
With regard to accepting students on a tuition basis, this arrangement is available when a student residing in one district petitions to transfer to another district. See A.C.A. § 6-18-316
(Cum. Supp. 1991). This process is initiated by petition, on a student-by-student basis. There is no mechanism for a district's transfer of all students in the top three grades to another district on a tuition basis.
Your final question inquires as to the constitutionality of §6-15-207(c). (Again, although you cite to § 6-15-206(c), I assume that § 6-15-207(c) is the provision in question.) It must be recognized in this regard that there is a presumption of constitutionality attendant to every legislative enactment. Love v. Hill, 297 Ark. 96, 759 S.W.2d 550 (1988); Stone v. State,254 Ark. 1011, 498 S.W.2d 634 (1973). The burden of proving a statute to be unconstitutional is upon the party challenging it, and if it is possible to construe an act so that it will meet the test of constitutionality, the courts will do so. Urrey Ceramic Tile Co. v. Mosley, 304 Ark. 711, 805 S.W.2d 54 (1991).
You have not set forth any specific basis for a constitutional challenge, and my review does not yield any grounds for challenging this legislation. In the absence of any apparent constitutional defect, I must cite to the presumption of constitutionality.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1] You refer in your request to A.C.A. § 6-15-206(c). I assume, however, based upon the questions posed, that Section6-15-207(c) is the relevant provision.
[2] Reference should, however, be made to the prohibition under A.C.A. § 6-13-1207 (Cum. Supp. 1991) against any combination ". . . which hampers, delays or in any manner negatively affects the efforts of the State of Arkansas to assist a district or districts in this state in the desegregation of the public schools of this state." Similarly, however, this is not a discretionary matter with the board. An order entered contrary to this provision would be void. See A.C.A. § 6-13-1207(c) (Cum. Supp. 1991). It should be noted in this regard that while a county board must seek an advisory opinion from the Attorney General concerning the impact of any proposed annexation or consolidation under A.C.A. §§ 6-13-1201—1207, this procedure is not applicable in the case of an order of combination. See Section 6-13-1207(b).
[3] Please note that I have enclosed a copy of Op. Att'y Gen.92-036, which addresses the distinction between annexation and consolidation on the one hand, and combination of secondary programs on the other.