The Honorable Ode Maddox State Representative Post Office Box 128 Oden, Arkansas 71961-0128
Dear Representative Maddox:
As you know, this office recently issued Op. Att'y Gen. 95-222 in response to your request for an opinion on the following questions:
 1. May a school board member continue to serve on a school board after he has moved his residence out of the school district?
 2. More specifically, what is the definition of "temporary basis" in Arkansas Code 6-13-613, subsection (f), amended by Act 201 of 1991?
Upon reflection, it appears likely that your question may have used the word "residence" in an ordinary, conversational sense rather than, as was assumed in Op. Att'y Gen. 95-222, to have the same meaning as the word as used in Ark. Const. art. 19, § 4. I am, accordingly, issuing this supplemental opinion in order to clarify my views in the event this office misunderstood your questions in issuing Op. Att'y Gen. 95-222.
Although the words "residence" and "resident" are used in everyday conversation and have common and accepted meanings to laymen, they are also legal terms of art. In other words, they are used by lawyers and judges as convenient, shorthand ways of referring to a legal status or conclusion. The status is determined, or the conclusion is reached, by applying all the attendant facts and circumstances of a particular case to the law of residency, which itself may vary according to the purpose for which residency must be determined.
The answer to your first question may, therefore, depend upon whether you employed the word "residence" in your inquiry as a legal term of art or in a less formal sense. If your question used the word "residence" as a legal term of art (that is, if it was intended to convey the legal conclusion that the board member's residence, for purposes of service on the board, had in fact been removed from the district, and that the board member's legal residence, again for purposes of service on the board, in another district was to be taken by this office as a given), then the answer to your first question is fairly straightforward.
Our constitution provides that "all district, county and township officers [shall reside] within their respective districts, counties, and townships. . . ." Ark. Const. art. 19, § 4. The Supreme Court of Arkansas has applied this provision in a dispute arising from a school election.See Davis v. Holt, 304 Ark. 619, 804 S.W.2d 362 (1991). It is my opinion, therefore, as was stated in Op. Att'y Gen. 95-222, that a school board member may not continue to serve after he has moved his "residence," within the meaning of that word as used in Ark. Const. art. 19, § 4, from the school district.
If, on the other hand, you used the word "residence" in your inquiry in a more ordinary sense (to mean "dwelling" or the place the board member "lives," for all or at least some part of the time), without intending that this office should assume that the board member's place of legal residence, in the constitutional sense, is outside the district, it becomes impossible to provide a conclusive answer to your first question without determining the place of the member's legal residence for purposes of service on a school board. The discussion below assumes you did not use the word "residence" as a legal term of art.
Your use of the phrase "moved his residence" suggests that the board member no longer maintains a dwelling in the district, but your inquiry about the meaning of the phrase "temporary basis" suggests that the member expresses an intention to reestablish a dwelling in the district in the future. I will assume those facts.
In addition to the requirement of Ark. Const. art. 19, § 4, a statute, A.C.A. § 6-13-616(a) (Cum. Supp. 1993), provides that a person is not eligible to be a member of a school board unless he is a qualified elector of the school district in which he serves. A qualified elector of a school district must be a resident thereof. See Davis, 304 Ark. at 622-623, and A.C.A. § 6-14-108 (Cum. Supp. 1993). In determining the qualifications of voters and public officials, the word "residence" is normally treated as being synonymous with "domicile." Charisse v. Eldred, 252 Ark. 101,477 S.W.2d 480 (1972).
The situs of a person's domicile is a question of fact which this office is neither equipped nor empowered to answer. In Op. Att'y Gen. 92-112, however, I provided an extensive discussion of the concept of domicile and the opinions of the Supreme Court of Arkansas that set forth guidance for determining domicile in particular fact situations. I am enclosing a copy of that opinion for your information. Because there have been no significant developments in the applicable Arkansas law since the date of that opinion, I will not repeat what was said there except to emphasize that Charisse appears to be the controlling precedent in situations, like this one, involving an official who removes his residence from the relevant jurisdiction but expresses an intention to return there. In Charisse, the Supreme Court stressed that while a person's intent is one relevant fact in determining domicile, his conduct is more important than his statements in evidencing his true intent. Charisse, 252 Ark. at 104.
With respect to your second question, it appears, as was stated in Op. Att'y Gen. 95-222, that A.C.A. § 6-13-613(f) (Cum. Supp. 1993) is constitutionally suspect to the extent it purports to permit a school director to "remove his actual, bona fide residence outside the district boundaries" on a "temporary basis," and yet remain a member of the board,if the word "residence" means the same for purposes of the statute as it does for purposes of Ark. Const. art. 19, § 4, and A.C.A. § 6-13-616(a). The legislature lacks the power to relax the residency requirement of the constitution, which contains no exception for temporary periods of non-residency. Cf. Davis, 304 Ark. at 623 (holding that a statute could not alter the "straightforward residency requirement" of Ark. Const. art. 19, § 4).
It is my opinion, however, that the word "residence," as used in A.C.A. §6-13-613(f), likely would be interpreted by a court to mean something less than domicile. Such an interpretation would allow the court to avoid holding the statute unconstitutional, which courts must do when possible.Reed v. Glover, 319 Ark. 16, 889 S.W.2d 729 (1994), Hamilton v. Hamilton,317 Ark. 572, 879 S.W.2d 416 (1994).
Such an interpretation also would give effect to a reasonable assumption that the legislature, in employing the phrase "temporary basis," recognized that the concept of domicile is controlling in this context. In other words, it appears reasonable to assume that the legislature was referring to domicile when it used the phrase "actual, bona fide residence," and that the legislature recognized that one might remove his place of dwelling from the district on a "temporary basis" without affecting his place of domicile.
It is my opinion, therefore, that the phrase "temporary basis," as used in A.C.A. § 6-13-613(f), refers to the removal of a director's place of dwelling from the district in such a manner and for such a period of time as not to effect a change of his domicile from the district. Once again, the situs of a person's domicile is a question of fact, the determination of which will depend upon all of the relevant facts and circumstances.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
Enclosure