The Honorable Steve Bell State Senator 500 East Main — Suite 208 Batesville, Arkansas 72501
Dear Senator Bell:
This opinion is being issued in response to your recent inquiry regarding the Uniform Interstate Family Support Act. You have presented your inquiry on behalf of Mr. Jerry Post, Attorney for the Batesville Utility Company. Your correspondence, with its attachments (including copies of correspondence with Mr. Post), indicates that your questions arise out of the fact that the Batesville Utility Company received an income withholding order from the state of Colorado, directing it to withhold the income of an employee for the purpose of paying arrearages on child support obligations.
I ascertain your questions to be as follows:
 (1) What are an employer's obligations under the Uniform Interstate Family Support Act?
 (2) Do the obligations that are imposed by the Uniform Interstate Family Support Act give rise to constitutional concerns regarding the principles of separation of powers, procedural due process, and equal protection?
RESPONSE
Question 1 — What are an employer's obligations under the UniformInterstate Family Support Act?
Employers' obligations under the Uniform Interstate Family Support Act are set forth at A.C.A. § 9-17-501. That section states that upon receipt of an income-withholding order from another state, employers are required to do the following:
 (1) Treat an income-withholding order issued in another state which appears regular on its face as if it had been issued by a tribunal of this state;
(2) Immediately provide a copy of the order to the obligor; and
(3) Distribute the funds as directed in the withholding order.
A.C.A. § 9-17-501(a).
Because this section requires that employers treat the other state's order as though it had been issued in Arkansas, they should be aware of the provisions governing the manner in which employers are to treat Arkansas orders.
If an employer receives an income-withholding order that was issued in Arkansas, the employer is bound by that order until further notice from the court or the court's representative. A.C.A. § 9-14-224(a). The employer must withhold and remit the amount stated in the order. It must do so at the time the employee is paid, and no later than the first pay period that occurs after fourteen days following the date on which the order was mailed. A.C.A. § 9-14-228.
If the employer should fail to comply with the income-withholding order, it can be liable for the full amount that should have been withheld. A.C.A. § 9-14-225.
The employer is required to notify the court or the court's representative if the employee in question terminates employment or takes other action terminating the income source. The employer must also provide the court or its representative with the employee's last known address and with the name and address of any new employer, if known. A.C.A. § 9-14-224(c).
The employer should note that it is prohibited from taking any retaliatory action against the employee because of the withholding, and can be subject to a fine of up to $50.00 per day for doing so. A.C.A. §9-14-226.
Finally, the employer is entitled to object to the income-withholding order, but only on the grounds of mistake of fact. A.C.A. § 9-14-220(b). If the employer chooses to object to the order, it must do so in writing within seven days following the date on which the order was received (or refused). A.C.A. § 9-14-222(d)(13). The court must inform the employer, within ten days of receipt of the employer's objection, of whether the employer will be relieved of the obligations imposed by the order. A.C.A. § 9-14-223.
The foregoing is the manner in which employers are to treat income-withholding orders that are issued in Arkansas. Accordingly, employers must, under the provisions of A.C.A. § 9-17-501(a)(1), treat income-withholding orders from other states in the same manner.
Question 2 — Do the obligations that are imposed by the UniformInterstate Family Support Act give rise to constitutional concernsregarding the principles of separation of powers, procedural dueprocess, and equal protection?
It is my opinion that given the protections that are built into the statutory scheme, the obligations that are imposed by the Uniform Interstate Family Support Act do not give rise to constitutional concerns. In addition, statutes are entitled to a presumption of constitutionality in Arkansas, and all doubts regarding the statute in question must be resolved in favor of constitutionality. Arnold v. Kemp,306 Ark. 294, 813 S.W.2d 770 (1991).
Separation of Powers
Your reference to the issue of separation of powers appears to arise out of a concern that an income-withholding order from another state could be issued by a branch of government other than the judiciary (the implication being that the non-judicial branch would be exercising power more appropriately reserved to the judiciary).
The particular income-withholding order that gave rise to your question was issued by a court.[1] However, even if it had been issued by another branch of government, it is subject to review by a court under the Uniform Interstate Family Support Act. See A.C.A. § 9-17-501(a); A.C.A. § 9-14-221(c); A.C.A. § 9-14-223. The United States Supreme Court has held that the availability of judicial review by a court of a non-judicial body's quasi-judicial acts is sufficient to assuage separation of powers concerns. See Northern Pipeline Construction Co. v.Marathon Pipe Line Co., 458 U.S. 50 (1982).
Procedural Due Process
Your reference to the issue of procedural due process appears to arise out of a concern that affected employees be given the opportunity for a hearing.
The support obligations that give rise to an income-withholding order under the Uniform Interstate Family Support Act are established in a proceeding at which the employee in question has an opportunity for a full hearing. See A.C.A. § 9-12-312(a)(2); A.C.A. § 9-14-106(a)(1). In addition, the employee is entitled to petition the court for a modification of those obligations. See A.C.A. § 9-12-314; A.C.A. §9-14-107. Finally, the employee is entitled to contest an income-withholding order and to have the contest heard by the court. A.C.A. § 9-17-501(b); A.C.A. § 9-14-221(b)(3)(F) (c)(1).
These multiple opportunities for hearing by the court regarding the amount and validity of support obligations serve to provide the interested parties with ample due process in the determination of such matters.
Equal Protection
You have not stated a specific concern in connection with your reference to the issue of equal protection. An equal protection challenge is based upon the proposition that the challenged statute creates an unreasonable classification. Hamilton v. Hamilton, 317 Ark. 572, 879 S.W.2d 416
(1994). I have identified no classifications that are created by the income-withholding provisions of the Uniform Interstate Family Support Act. Accordingly, it is my opinion that the Act does not give rise to a constitutional challenge based upon the principle of equal protection.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The income-withholding order that was attached to your correspondence was issued by the District Court of Adams County, Colorado.