HEBER SPRINGS SCHOOL DISTRICT
et al *v.* WEST SIDE SCHOOL
DISTRICT et al

80-11                                                        599 S.W. 2d 371
Supreme Court of Arkansas
Opinion delivered June 2, 1980
Rehearing denied June 30, 1980

*Pope, Shamburger, Buffalo & Ross*, by: *John K. Shamburger* and *Robert D. Ross*, for appellants.

*Dan Stripling*, for appellees.

FRANK HOLT, Justice. This case is a sequel to *Thomas* v. *Foust*, 245 Ark. 948, 435 S.W. 2d 793 (1969), where we held Act 407 of 1965 was local legislation, being nonprospective, and therefore violative of Amendment 14 to our state constitution. Following that decision, the legislature enacted Act 390 of 1979 in an effort to achieve constitutionality. The trial court held that act invalid. Hence this appeal.

In 1963 appellee West Side School District was severed in two parts by a reservoir formed by Greers Ferry Dam. The smaller area is referred to as the Beloit Bay/Eden Isle (BB/EI) area. In 1978-1979, the 37 students living in the BB/EI area attended school in appellant Heber Springs District by tuition agreement as students had in previous years. The agreement provided that appellee West Side District would pay appellant Heber Springs $625 per student ($23,000 total) for tuition expenses. Westside received $13,-000 to $14,000 from the Arkansas Minimum Foundation Program for the students' expenses, and approximately $75,-000 per year from property taxes attributable to the BB/EI area. The instant controversy arose when the smaller portion,

BB/EI area, sought annexation to appellant Heber Springs School District, an adjoining district, pursuant to Act 390 of 1979. The proposed annexation would result in a loss of revenue to appellee West Side School District.

The act provides that a portion of a severed district may annex to an adjoining district whenever it is or becomes completely severed by a reservoir containing more than 12,-000 acres, and the students in the severed area have to travel more than 35 miles round trip through another district or districts in order to attend school in their severed district. BB/EI successfully sought annexation to appellant Heber Springs District. Appellee (and a taxpayer) appealed to the circuit court asserting that Act 390 was unconstitutional. Appellees' injunctive proceedings in chancery were transferred to circuit court and the cases consolidated for trial purposes. The primary issue on appeal is whether the court erred in finding that the classifications in Act 390 are artificial, arbitrary, and illusory, and therefore the act is local legislation in violation of Amendment 14 of our state constitution.

The trial court reasoned and the appellees agree that the 35 mile round trip requirement bears a reasonable relation to the purpose of the act. The appellees argue, however, that the court correctly observed:

> There is not a reasonable relationship between the existence of a reservoir, the size of a reservoir or whether the students have to travel through another school district and the purpose of Act 390 or the objectives Act 390 is seeking to attain. The classifications Act 390 attempts to make are artificial, arbitrary and illusory.

In *Davis* v. *Cox*, 267 Ark. 78, 593 S.W. 2d 180 (1980), we reiterated long established rules of statutory construction:

> There is a presumption of constitutionality attendant to every legislative enactment, and all doubt concerning it must be resolved in favor of constitutionality. (Cites omitted) If it is possible for the courts to so construe an act that it will meet the test of constitutionality, they not only may, but should and will, do so.

Further, in *Thomas* v. *Foust, supra*, we said:

> The fact that a law is limited in effect to only one or a few classifications does not necessarily condemn it as special or local legislation if the classification is not arbitrary and bears a reasonable relation to the purpose of the act.

In matters of education, we have long recognized that our constitution (Article 14, § 1, as amended) vests in the legislature the duty and the authority to make provisions for the establishment, maintenance and support of a common school system in our state. *LeMaire* v. *Henderson*, 174 Ark. 936, 298 S.W. 327 (1927). There we said:

> To effectuate the purposes of the Constitution, this court has recognized generally that the Legislature has what is commonly called a free hand in the establishment and division of the State into school districts. . . . The Legislature recognizes the difference in population, wealth, and the topography of the country in the organization of school districts. (Cites omitted.) . . . . The density of population, the wealth of the country, the system of roads and the topography of the country with reference to whether it is hilly or not, may be taken into consideration. This is the legitimate office of classification, and, so long as the Legislature makes a reasonable classification which is uniform in its operation, its power is supreme in the matter.

There we upheld a school consolidation act based on county population; i.e., 75,000 or more.

*Thomas* v. *Foust, supra*, involved practically the same geographical area which sought, as here, annexation to the Heber Springs district. There Act 407 of 1965 provided that any portion of a school district which was severed from that district by a reservoir could annex to an adjoining district if the students in the severed area had to travel more than 20 miles and pass through another district to attend school in their district. The act was restricted to districts only where students from the severed area were attending school in the

adjoining district on January 1, 1964. We found that the time limitation made application of the act nonprospective, thereby creating an arbitrary and inappropriate classification. We specifically noted, however, that it "may well be that such a classification [absent the time limitation] would bear a reasonable relation to the purposes of the act, and not be arbitrary."

Act 390 of 1979 is similar in many respects to Act 407 of 1965 absent the infirmity of being nonprospective. As previously indicated, Act 390 applies to a school district which is or becomes completely severed by a 12,000 acre reservoir and students residing in the severed area must travel 35 miles or more through another district or districts to continue attending school in their severed district. It establishes a procedure whereby a completely separated portion of a school district may, if it desires, seek annexation to an adjoining district, even though it would cross country lines, for the purpose of alleviating problems caused by the severance, such as increased transportation costs, extensive and dangerous travel, administrative inconvenience and confusion. The severance, in effect, prevents pupils "from attending school in the district where they reside," causing a burden to other school districts. The nonprospective limitation which invalidated Act 407 is absent here. Also, the trial court, as trier of the facts, found that eight or nine districts in the state fell within the ambit of Act 390, whereas the lower court in *Thomas* v. *Foust, supra*, found that only one area, namely, the severed portion of West Side District, qualified for annexation under Act 407. Additionally, the present act permits annexation by crossing county lines, which is not present here. Certainly, by its terms, Act 390 is not local in applcation. We think the classification bears a reasonable relation to the purpose of the act. It is germane to the problems which the legislature sought to correct as to when and where annexation of an adjoining school district may be desirable for beneficial education purposes.

Appellants next argue that the court erred in holding Act 390 is "probably" violative of the equal protection clause of the 14th Amendment to the United States Constitution. For the reasons just discussed, we are of the view that the act

does not impinge upon the equal protection clause of that amendment. See *Corbitt* v. *Mohawk Rubber Co.*, 256 Ark. 932, 511 S.W. 2d 184 (1974); *Davis* v. *Cox, supra; Harlow* v. *Ryland*, 78 F. Supp. 488 (E.D. Ark. 1948), aff'd. 172 F. 2d 784 (8th Cir. 1949).

Appellants further contend that upon a reversal, we should determine what date property taxes attributable to the annexed area should be paid to appellant Heber Springs District. In the absence of a ruling by the circuit court, as trier of the facts, this issue will best be determined upon a remand.

On cross-appeal, appellee West Side asserts that the trial court erred in failing to hold that Act 390 of 1979 violates the due process clause of the 14th Amendment to the United States Constitution. Appellee recognizes that the due process clause of the federal constitution is applicable only when a school district is determined to be a person within the meaning of that clause. Further, although there are exceptions, school districts are generally considered creatures of the state and may not avail themselves of all constitutional safeguards. Suffice it to say that Act 390, other related and applicable acts, and specifically § 80, Act 1969 of 1931 (Ark. Stat. Ann. § 80-423 [Repl. 1969]) provide a reimbursement formula for the benefit of appellee West Side School District for loss of revenue it suffers from the annexation as well as a readjustment of any obligations the district has.

Reversed and remanded.

PURTLE, J., concurs.

GEORGE ROSE SMITH, HICKMAN and MAYS, JJ., dissent.

JOHN I. PURTLE, Justice, concurring. I concur in the results reached by the majority in this case but for a paritally different reason.

The majority correctly cites many prior Arkansas cases supporting the opinion; however, I am of the belief that this situation is clearly local or special legislation as defined in

Amendment Fourteen as initiated and approved by the citizens of Arkansas in 1926. The obvious intent of Amendment Fourteen was to prevent the abuse of passing local and special laws which had previously been authorized in article 5, § 24, 25 and 26. As far as I am concerned, our past decisions are a hopeless conflict because we could decide this case either way and cite numerous cases in support of the opinion. I think it is time to start drawing the line on special and local legislation.

We have upheld acts as general which apply to only one person. *Sebastian Bridge District* v. *Lynch, Chancery Clerk*, 200 Ark. 134, 138 S.W. 2d 81 (1940); and *Buzbee* v. *Hutton*, 186 Ark. 134, 52 S.W. 2d 647 (1932). On the other hand, we have held an act to be special and local when it affected the assessor in one county. *Inman* v. *Kelley, County Treasurer*, 229 Ark. 149, 313 S.W. 2d 796 (1958). We also held a law exempting certain counties from the provisions thereof to be local and thereby invalid. *Jacks* v. *State*, 219 Ark. 392, 242 S.W. 2d 704 (1951).

Although I think this act is special and local, I believe it is valid pursuant to the provisions of article 14 § 1 to the Constitution of Arkansas. In fact, we have stated that the legislature may control the arrangement and management of school districts at will. *Krause* v. *Thompson*, 138 Ark. 571, 211 S.W. 925 (1919). In *Krause* the General Assembly abolished district number 41 and annexed it to district number 39, and they also abolished district number 19 and split it between two other districts. We upheld the act pursuant to article 14 § 1 and further stated that legislative control and changes of school districts is supreme. Amendment 53 did not change the power of the General Assembly to control school districts in a manner which the legislature deemed appropriate.

Therefore, I would reverse the decree of the lower court for the reason that the General Assembly has the power to abolish or rearrange school districts in any manner they wish pursuant to article 14 § 1.

DARRELL HICKMAN, Justice, dissenting. It is my judgment that the Act in this case was local and special legislation

in violation of Amendment 14 to the Arkansas Constitution.

As the majority points out, we previously held that similar legislation regarding this same school district was invalid in 1969.

It is not denied the new Act was passed to settle the controversy between the West Side School District and the Heber Springs School District. However, the appellants argue that the Act is general in its application and, therefore, does not violate Amendment 14 to the Constitution. In *Webb* v. *Adams*, 180 Ark. 713, 23 S.W. 2d 617 (1929), we said:

> A law is special in a constitutional sense, when, by force of an inherent limitation, it arbitrarily separates some person, place or thing from those upon, but for such separation, it would operate.

Act 390 of 1979 makes a distinction between school districts which are divided by a 12,000 acre reservoir, have students who must be transported 35 miles round trip through another school district, and all other school districts. We have held that such classifications cannot be arbitrary or elusive but must refer to the subject matter of the legislation. *Simpson* v. *Matthews*, 184 Ark. 213, 40 S.W. 2d 991 (1931).

The purpose of the legislation in this case was to prevent dangerous travel and burdensome administration.

What has this got to do with a 12,000 acres reservoir? Is there any difference between students who live in such a school district and must travel 35 miles round trip, from those who live in any other school district? I cannot find a substantial distinction in such classifications.

One witness testified, rather vaguely, that other school districts might be involved, but there was no evidence at all to show that any other school district in the State of Arkansas had one student who had to travel 35 miles around a reservoir.

The law generally provides that a change in a school dis-

trict must be approved by *both* school districts. Act 390 is designed to circumvent that law.

The chancellor held that this was local and special legislation and I agree with that decision. I would affirm the decree.

GEORSE ROSE SMITH and MAYS, JJ., join in this dissent.