**DELTA SPECIAL SCHOOL DISTRICT NO. 5, Appellant,**

v.

**STATE BOARD OF EDUCATION FOR the STATE OF ARKANSAS, et al., Appellees.**

No. 84–1653.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1984.

Decided Oct. 9, 1984.

R.T. Beard, III, Pine Bluff, Ark., for appellant.

Curtis Nebben, Asst. Atty. Gen., Little Rock, Ark., for appellees.

Before BRIGHT, JOHN R. GIBSON and FAGG, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Delta Special School District No. 5 appeals from the denial of a preliminary injunction in which it sought to have declared unconstitutional, and to prevent six students from utilizing, a procedure authorizing transfer to schools operated by a neighboring school district. The parents of six students had filed petitions with Delta under an Arkansas statute that gives students the right to appeal to the county board of education from a denial of transfer by the district board. Students are given the further right of appeal to the state board of education. No similar right of appeal is given to the school districts. Delta claims, therefore, that it is denied equal protection of the laws. We affirm the district court's[1] denial of the preliminary injunction.

Arkansas Act 61, 74th Gen. Assem., 1st Extraordinary Sess. 1983, provides that parents may petition the school board in the district in which they reside for transfer of their children to an adjoining school district, if they live within seven miles of the school in the adjoining district and at least fifteen miles from the school in the resident district. *Id.* § 2(a). Petitions were filed for six students and denied, and appeals were filed with the county board of education. Appellants challenge the following provisions in section 2(b):

> If the board denies the petition, the *petitioners* may appeal the decision * * * to the County Board of Education of the county in which the resident district is administered. Within thirty (30) days after such appeal is made to the county board, the board shall either grant or deny the transfer. If the County Board

---

1. The Honorable William R. Overton, United States District Judge for the Eastern District of Arkansas.

of Education of the resident county denies such petition[,] the *petitioners* may appeal to the State Board of Education. Within forty-five (45) days after the appeal to the State Board, the Board shall either grant or deny the transfer (emphasis added).

Delta argues that the failure to provide the school district a right to appeal violates its due process and equal protection rights under the fourteenth amendment of the United States Constitution. The district court concluded that the school district was a political subdivision of the county and, therefore, could not invoke the fourteenth amendment against the state. Delta argues that this conclusion is erroneous. It contends that this case is controlled by *Heber Springs School District v. West Side School District,* 269 Ark. 148, 599 S.W.2d 371 (1980), which it admits was not called to the district court's attention.

■ The district court ruled correctly. A political subdivision of a state cannot invoke the protection of the fourteenth amendment against the state. *City of Trenton v. New Jersey,* 262 U.S. 182, 43 S.Ct. 534, 67 L.Ed. 937 (1923). In determining whether a school district is a political subdivision of the state, we look to state law.

■ Delta argues that Ark.Stat.Ann. § 80–402 (1980) refers to a school district as a "body corporate" and that, therefore, the district is a corporation entitled to equal protection. The simple answer is that Arkansas courts have decided that school districts are political subdivisions of the state. *See Walt Bennett Ford, Inc. v. Pulaski County Special School District,* 274 Ark. 208, 624 S.W.2d 426 (1981) (under state bidder-preference law); *Corbin v. Special School District,* 250 Ark. 357, 465 S.W.2d 342 (1971) (under administrative procedure act); *Muse v. Prescott School District,* 233 Ark. 789, 349 S.W.2d 329 (1961) (under workers compensation law); *see also* Ark.Stat.Ann. § 12–2901 (1979) (school district treated as political subdivision for sovereign immunity purposes). The district court properly relied on *Corbin* and *Bennett* in denying relief.

In *Heber Springs,* a school district attacked state legislation under the fourteenth amendment due process clause. Before denying relief on the merits, the Arkansas Supreme Court recognized that "although there are exceptions, school districts are generally considered creatures of the state and may not avail themselves of all constitutional safeguards." 269 Ark. at 153, 599 S.W.2d at 374. The court did not elaborate on the exceptions. Nevertheless, it is reasonably inferable from *Heber Springs* that Arkansas school districts are considered political subdivisions when pressing claims against the state under the fourteenth amendment.

As these questions involve issues of Arkansas law, we could ground our decision on the deference customarily accorded district court interpretations of state law. It is apparent, however, that the ruling of the district court was in accord with Arkansas decisions, including *Heber Springs.* Similar conclusions have been reached with respect to school districts in other states. *See, e.g., Triplett v. Tiemann,* 302 F.Supp. 1239, 1242 (D.Neb.1969).

We affirm the judgment of the district court.