Ken TAYLOR, Collector, and B. A. McINTOSH, Assessor
*v.* Roy and Mary FINCH

85-199                                                      701 S.W.2d 377

Supreme Court of Arkansas
Opinion delivered January 13, 1986

*Henry & Duckett*, by: *Richard L. Lawrence*, for appellants.

*Roy Finch*, for appellees.

DAVID NEWBERN, Justice. ■   This is a property tax case. The appellees purchased real property from a school district. Because it belonged to the school district, the property was exempt from *ad valorem* taxation at the time of the purchase. Ark. Const. art. 16, § 5(b). The appellants sought to assess and tax the property to the appellees from the date they purchased it. The appellees objected to assessment being made prior to the year following their purchase of the property because Ark. Stat. Ann. § 84-436 (Repl. 1980), in part, states:

> All lands that shall have been purchased from owners the property of whom or which was by law exempt; . . . subsequent to January 1st of any year shall be subject to assessment and taxation for the year immediately following such purchase . . . .

■   The appellants claim the statute violates Ark. Const. art. 16, § 6, which says: "All laws exempting property from taxation other than as provided in this Constitution shall be void." We agree with the chancellor that the statute requiring assessment and taxation at the beginning of the year following the purchase is an administrative directive which need not be construed as an exemption of property from taxation in violation of the constitution.

While we understand the appellants' argument that the statute creates an exemption, we find it equally reasonable to construe the statute as one providing, as an administrative directive, a time for assessment and taxation of property rather than a declaration of immunity or exemption from taxation.

■   Every act of the Arkansas General Assembly carries a strong presumption of constitutionality. *Pogue* v. *Cooper*, 284 Ark. 105, 679 S.W.2d 207 (1984); *Gay* v. *Rabon*, 280 Ark. 5, 652 S.W.2d 836 (1983). If it is possible for us to construe a statute so as to meet the test of constitutionality, we will do so. *Phillips* v. *Giddings*, 278 Ark. 368, 646 S.W.2d 1 (1983); *Heber Springs School District* v. *West Side School District*, 269 Ark. 148, 599 S.W.2d 371 (1980); *Davis* v. *Cox*, 268 Ark. 78, 593 S.W.2d 180 (1980).

Affirmed.

52

PURTLE, J., not participating.