PULASKI COUNTY CIVIL SERVICE COMMISSION
*v.* Rhonda DAVIS, et al.

86-268                                           730 S.W.2d 220

Supreme Court of Arkansas
Opinion delivered June 1, 1987

*Ivester, Henry, Skinner & Camp*, by: *Stephen L. Curry*, for appellant.

*Robert A. Newcomb*, for appellee.

ROBERT H. DUDLEY, Justice. The appellant Pulaski County Civil Service Commission promulgated rules which set educational standards as a prerequisite for the promotional testing of employees of the Pulaski County Sheriff's Department. Under those rules any employee seeking testing for promotion in the Corrections Division of the Sheriff's Department in 1984 and 1985 must have had a high school degree or general education degree; in 1986 and 1987, must have six college semester hours; in 1988 and 1989, must have fifteen college semester hours; in 1990 and 1991, must have thirty college semester hours; in 1992, and afterwards, must have sixty college semester hours. Similar, but higher, educational standards were set for employees seeking testing for promotion in the Enforcement Division. The appellees, all employees of the Sheriff's Department, sought promotional testing but did not meet the educational standards. They filed suit and argued that the rules setting the educational standards were contrary to the state statute and, therefore, invalid. The trial court ruled that the governing statute does not permit the consideration of education as a standard for promotion. We affirm.

The parties agree that Ark. Stat. Ann. § 12-1124 (Repl. 1979) is the statute which governs a civil service commission's promotion of employees within a county sheriff's office. We have never interpreted that statute, but have interpreted an almost identical one, Ark. Stat. Ann. § 19-1603 (Repl. 1980), which governs the criterion for a civil service commission's promotion of officers within a city police department. Both statutes provide that a commission shall adopt rules "for promotion based upon open competitive examinations of efficiency, character or conduct." In interpreting this language, as it applied to police departments, under Ark. Stat. Ann. § 19-1603, we said

the statute provides that promotion shall be made solely on the basis of competitive examination. "There is no provision authorizing any other criterion. . . ." *Bradley* v. *Bruce*, 288 Ark. 342 at 343, 705 S.W.2d 431 at 432 (1986). In this case, the Commission's use of college hours as a prerequisite for promotion eligibility was the use of a criterion other than the competitive examination and, therefore, fails to comply with the statute.

The Commission's argument that college education of employees of the Sheriff's Department is desirable is an appealing argument, and it could be that the insertion of this criterion would not alter the objectivity of the results. However, once the General Assembly has expressed its will, as it has done in this case, this Court has bound itself to adhere to it. *Hatcher* v. *Hatcher*, 265 Ark. 681, 580 S.W.2d 475 (1979).

Affirmed.

HAYS, J., not participating.

HOLT, C.J., and PURTLE,. J., dissent.

JACK HOLT, JR., Chief Justice, dissenting. The majority interprets Ark. Stat. Ann. §§ 12-1124 and 19-1603 as providing that promotions shall be made solely on the basis of competitive examinations. I disagree with that interpretation and with this court's prior holding to that effect in *Bradley* v. *Bruce*, 288 Ark. 342, 705 S.W.2d 431 (1986).

Section 12-1124 provides in pertinent part:

The commission shall adopt rules as follows:

(a) For the qualifications of each applicant for appointment to any position in the sheriff's department; . . .

(i) For promotion based upon open competitive examinations of efficiency, character and conduct, lists shall be created for each rank of service and promotions made therefrom as provided herein, and advancement in rank or increase in salary beyond the limits fixed for the grade by the rules of said commission shall constitute a promotion.

The wording of § 19-1603 is almost identical.

In *Bradley*, this court discussed § 19-1603, stating, "[t]he

statute specifically provides that promotion shall be made on the basis of the examination. There is no provision authorizing any other criterion, including seniority. Any other reading of the law would negate its purpose which is to promote those eligible who score highest on the test."

I think the majority in both decisions misinterprets the intention of the legislature. Both statutes vest the civil service commission with the authority to adopt rules on certain subjects. Through rules the commission can establish "the qualifications of each applicant for appointment to *any* position" (emphasis added) and "promotion based upon open competitive examinations." The commission has done just that. They have set out educational qualifications for anybody desiring to fill any position in the sheriff's department, whether they are newly hired, transferred from another department, or seeking a promotion. Considering the variety of jobs available within the sheriff's department, obviously all of the positions are not filled by identically qualified people. The qualifications established by the commission are for the job. Accordingly, the applicant for the promotion must first be qualified for the job that he or she seeks. If the job being sought entails a promotion, the commission has provided for a competitive examination.

The court in *Bradley* stated that the purpose of the law "is to promote those *eligible* who score highest on the test." (Emphasis added). To be eligible, a person must meet the other qualifications established by the commission pursuant to the statute. Here, those other qualifications were educational requirements.

I would reverse the trial court.

PURTLE, J., joins in this dissent.