The Honorable Ron Fields Prosecuting Attorney Sebastian County Courthouse Fort Smith, AR 72901
Dear Mr. Fields:
This is in response to your request for an opinion arising in light of Opinion No. 88-184 issued by this office, (a copy of which is enclosed. Specifically you have posed the following question:
 If a child is a voluntary or involuntary patient in a hospital, or is in need of hospitalization, and a doctor has determined that the child is homicidal, suicidal, or gravely disabled because of alcohol abuse, substance abuse, or is exhibiting behavioral problems, (no identifiable mental illness, disease, or disorder), can the parents authorize hospitalization, and medical treatment, to include psychiatric care pursuant to the consent statute as codified at A.C.A. 20-9-602?
In my opinion, the answer to your question is "no".
As an initial matter, I feel compelled to clarify some terminology used in phrasing your question. The terms "homicidal", "suicidal", and "gravely disabled" are found in A.C.A. 20-47-201, et seq. (Supp. 1987). That subchapter is entitled "Commitment and Treatment" and is the subject of Opinion No. 88-184. Your question posits a situation in which a physician makes a determination that a child is "homicidal", "suicidal" or "gravely disabled" because of alcohol or substance abuse, or "behavioral problems", although the child has no identifiable mental illness. This is an impossibility under A.C.A. 20-47-202. The definitions of "homicidal", suicidal", and "gravely disabled" all include a requirement of mental Illness. See, 20-47-202(1) (2) and (3) (Supp. 1987). Additionally, mental illness is defined so as to exclude impairment caused solely by intoxication, dependence on, or addiction to alcohol or drugs. A.C.A. 20-47-202(7)(C) and (C) (Supp. 1987). Therefore, A.C.A. 20-47-201, et seq., and its terminology are inapplicable to the facts you describe.
Your question then simply becomes whether the "consent statute" codified at A.C.A. 20-9-602 authorizes a parent to consent to hospitalization and psychiatric care for his or her minor child. It is my opinion that it does not. The statute provides in pertinent part:
 It is recognized and established that in addition to such other persons as may be so authorized and empowered, any one (1) of the following persons is authorized and empowered to consent, either orally or otherwise, to any surgical or medical treatment or procedures not prohibited by law which may be suggested, recommended, prescribed, or directed by a licensed physician:
 (1) Any adult, for himself (2) Any parent, whether an adult or a minor, for his minor child or for his adult child of unsound mind. . . .
It appears at first blush that the language of the statute would authorize a parent to consent to hospitalization and psychiatric care of his or her minor child. Such treatment could reasonably fall within the definition of "any surgical or medical treatment or procedure." Psychiatry is a branch of medicine, and its methods could be termed "medical treatment."
There is, however, at least one flaw with the above analysis. It must be recognized that minor children have constitutional rights. Parham v. J. R., 442 U.S. 584 (1979). Therefore, to the extent a state statute outlines the procedure for hospitalization of a minor for psychiatric care, or to the extent the state has sufficient connection with the hospitalization, (i.e., state action is present), the constitutional safeguards of the due process clause attach. In this regard, it has been held that the decision of whether a child is in need of psychiatric hospitalization must be made by a neutral factfinder, and must not depend solely upon the decision of the parent, nor upon the arbitrary, unbridled discretion of a single physician. Parham, supra. See also, In the Matter of Lynette H., 90 N.C. App. 373,368 S.E.2d 452 (1988); In the Matter of P. F. Jr., 648 P.2d 1067
(Colo. 1982); and In re Imprisonment of Michael H. Long,25 N.C. App. 702, 214 S.E.2d 626 (1975), cert. denied 288 N.C. 241,217 S.E.2d 665 (1975).
Were the "consent statute" codified at A.C.A. 20-9-602 construed so as to permit parental consent to psychiatric hospitalization of a minor child, the statute, in my opinion, would be constitutionally deficient. Bearing in mind that a court will construe a statute, if possible, so as to be constitutional, (Taylor v. Finch, 288 Ark. 50, 701 S.W.2d 377 (1986)), it is my opinion that 20-9-602 would not be construed to as to authorize a minor's hospitalization for psychiatric care upon a parent's consent. That statute provides no constitutional safeguards, as does 20-47-206, et seq. Moreover, it is my opinion that the legislature never intended the "consent statute" to operate so as to provide procedures for authorization of psychiatric treatment and hospitalization for indefinite periods of time.
Insight into the intent of the legislature can be gleaned from the legislative history of relevant laws. Under prior law, a minor child could be admitted to a state hospital on the written request of a parent or guardian, for a period of time necessary for the care and treatment of the minor. See former Ark. Stat. Ann. 59-405. This statute was repealed by Act 817 of 1979 and replaced with what is now A.C.A. 20-47-201, et seq. (the subchapter which employs the "homicidal", "suicidal", and "gravely disabled" characterizations). It is clear that at least where the "treatment" is to occur at a "state hospital" the legislature intended the provisions of A.C.A. 20-47-201, et seq. to govern. There is currently no separate statutory provision dealing with the psychiatric hospitalization of minors. The "consent statute" was enacted in 1973, when the prior Ark. Stat. Ann. 59-405 was still law. It is therefore unlikely that the legislature intended the "consent statute" to make provision for parental consent for psychiatric hospitalization of minors when Ark. Stat. Ann. 59-405 already did so.
As noted earlier, under the fact situation you have described, the provisions of A.C.A. 20-47-201, et seq. (Supp. 1987), do not apply. "Mental illness" is a prerequisite to utilization of that act as a means of hospitalization of a minor. Additionally, it is my opinion that A.C.A. 20-9-602 (the "consent statute") does not authorize psychiatric hospitalization of a minor upon parental consent. It should be noted, however, that the provisions of A.C.A. 20-64-801, et seq., concerning the commitment of drug addicts, has general application under the facts you describe. Otherwise, the legislature has not spoken with respect to any other state sanctioned procedures for the hospitalization of minors for psychiatric care.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.