The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, Arkansas 71611-8367
Dear Senator Bradford:
You have requested an official Attorney General opinion regarding several issues related to civil service commissions for fire and police departments. You have presented the following questions:
 (1) When a fire or police civil service commission is dealing with a purely procedural matter, such as meeting times or the score to be attained on a particular test, is it necessary for the commission to hold a public hearing and formally adopt or amend a rule?
 (2) For purposes of state civil service law, is there a difference between substantive rule requirements and procedural one, or would any rule be subject to public notice and hearing requirements?
 (3) If there is a difference, would procedural rules necessarily have to be promulgated and published?
 (4) Are there any formal requirements to make civil service rules which have the force and effect of law?
 (5) Can a civil service commission peruse personnel files in making promotional list decisions, or would these be exempt from disclosure to them under the Freedom of Information Act?
 (6) Do the provisions of A.C.A. § 14-51-301(b)(5)(A) apply only to persons who have been convicted of or pleaded guilty to a felony, or do these provisions also apply to persons who admit to having participated in conduct which amounts to a felony?
RESPONSE
Question 1 — When a fire or police civil service commission is dealingwith a purely procedural matter, such as meeting times or the score to beattained on a particular test, is it necessary for the commission to holda public hearing and formally adopt or amend a rule?
It is my opinion that without regard to the statutes that specifically govern police and fire civil service commissions, such commissions must, under the requirements of the Freedom of Information Act (A.C.A. §25-19-101 et seq.), hold their meetings in public. See Op. Att'y Gen. No. 88-058. This requirement will apply regardless of whether the commission is dealing with procedural or substantive matters. The commission must always meet in public [except, of course, for the instances in which it may appropriately meet in executive session, see A.C.A. § 25-19-106(c)(1)].
As to whether the commission must act by formally adopting or amending rules when it is dealing with purely procedural matters, it is my opinion that the requirement that the commission formally adopt or amend rules is not triggered by the procedural or substantive nature of the matter it is considering. Rather, the requirement is triggered by the fact that the matter under consideration is one that falls within the scope of items listed in A.C.A. § 14-51-301(b). When the commission is dealing with a matter that falls within the scope of items listed in A.C.A. §14-51-301(b), it is required by A.C.A. § 14-51-301 to formally adopt or amend a rule, whether the matter is procedural or substantive.
A.C.A. § 14-51-301(b) lists the items which the commission must address through the formal adoption or amendment of rules. These items, generally, are:
 • The qualifications of each applicant for appointment to any position on the police or fire department;
 • Open competitive examination to test the relative fitness of applicants for the positions;
 • Public advertisement of all examinations by publication of notice in some newspaper having a bona fide circulation in the city and by posting of notice at the city hall at least ten (10) days before the date of the examinations;
 • The creation and maintenance of current eligibles lists for each rank of employment in the departments, in which shall be entered the names of the successful candidates in the order of their standing in the examination. However, for ranks in each department where there may not be openings during an annual period, the board may establish rules to create the eligibles list on an as-needed basis;
 • The rejection of candidates as eligibles who fail to comply with reasonable requirements of the board in regard to age, sex, physical condition, or who have been guilty of a felony, or who have attempted fraud or deception in connection with the examination;
 • Certification to the department head of the three (3) standing highest on the eligibility list for appointment for that rank of service, and for the department head to select for appointment or promotion one (1) of the three (3) certified to him and notify the commission thereof;
 • A period of probation not to exceed twelve (12) months before any appointment is complete and six (6) months before any promotion is complete;
 • Temporary employees without examination with the consent of the commission, in cases of emergency, and pending appointment from the eligibles list;
 • Establishing eligibility lists for promotion based upon open competitive examinations;
 • Suspension for not longer than thirty (30) calendar days, and leaves of absence;
 • Discharge or reduction in rank or compensation after promotion or appointment is complete, only after the person to be discharged or reduced has been presented with the reasons for the discharge or reduction in writing;
• The adoption and amendment of rules after public notice and hearing;
 • The preparation of a record of all hearings and other proceedings before it, which shall be stenographically reported; and
 • A review of complaints filed by any citizen pursuant to rules promulgated by the commission, including rules that give the commission the authority to consider certain personnel issues in executive session, and to establish any necessary appellate procedures.
Some of the above-listed items are procedural and others are substantive. Therefore, even if the commission is dealing with a matter that is purely procedural, the formal adoption or amendment of a rule will be necessary if the matter falls within the scope of these listed items. On the other hand, other matters, both procedural and substantive, are not required by the statute to be addressed with this formality if they do not fall within the scope of this list. Of course, such formality is not prohibited by the statute, and, in fact, may be required by the commission's internal rules or regulations, or by local ordinance.
I reiterate that regardless of the nature of the matter being addressed by the commission, the commission's meeting must be held in public, pursuant to the requirements of the Freedom of Information Act, unless it is lawfully meeting in executive session.
Question 2 — For purposes of state civil service law, is there adifference between substantive rule requirements and procedural ones, orwould any rule be subject to public notice and hearing requirements?
It is my opinion that for purposes of the formalities required for the adoption of rules under state civil service law, there is no difference between substantive and procedural rules. That is, the same notice and hearing formalities are required for the adoption of both substantive and procedural rules.
The adoption of civil service rules by fire and police civil service commissions is governed by A.C.A. § 14-51-301. That statute expressly requires "[t]he adoption and amendment of rules after public notice and a hearing." A.C.A. § 14-51-301(b)(12). This quoted portion of A.C.A. §14-51-301(b) refers only to "rules." The public notice and hearing requirements therefore apply to all "rules." The statute sets forth no different set of requirements. I must therefore conclude that the same notice and hearing formalities are required for the adoption of both substantive and procedural rules by fire and police civil service commissions.
Question 3 — If there is a difference, would procedural rules necessarilyhave to be promulgated and published?
Because I have opined that there is no difference, this question is moot.
Question 4 — Are there any formal requirements to make civil servicerules which have the force and effect of law?
It is my opinion that civil service rules that are adopted in accordance with the formalities required by A.C.A. § 14-51-301 will have the force and effect of law. This conclusion is based upon the express language of that statute, which states in pertinent part:
 (a)(1) The board provided for in this chapter shall prescribe, amend, and enforce rules and regulations governing the fire and police departments of their respective cities.
 (2) The rules and regulations shall have the same force and effect of law.
A.C.A. § 14-51-301(a)(1) and (2) (emphasis added).
The quoted language is unambiguous. Rules that are adopted in accordance with the requirements of A.C.A. § 14-51-301 will, by law, have the same force and effect as law.
The requirements of A.C.A. § 14-51-301 include not only public notice and a hearing, as discussed in response to Question 2, but also the substantive particulars that are outlined in connection with the various items listed in A.C.A. § 14-51-301(b).
Question 5 — Can a civil service commission peruse personnel files inmaking promotional list decisions, or would these be exempt fromdisclosure to them under the Freedom of Information Act?
It is my opinion, as explained more fully below, that under the provisions of A.C.A. § 14-51-301, the civil service commission must base its promotional list decisions upon test scores, rather than upon any other information that may be contained in personnel files. However, it is my opinion, as also explained more fully below, that the commission can obtain access to both to personnel records and to employee evaluation records under the provisions of the FOIA if the required conditions are met.
A.C.A. § 14-51-301(b)(4)(A)(i) requires that the commission's rules shall provide for "[t]he creation and maintenance of current eligibles lists for each rank of employment in the departments, in which shall be entered the names of the successful candidates in the order of their standing in theexamination." (Emphasis added).[1] This provision has been interpreted by the Arkansas Supreme Court to preclude the consideration of any information other than test scores in the creation of promotional lists.See Bradley v. Bruce, 288 Ark. 342, 705 S.W.2d 431 (1986). See also Worthv. Civil Serv. Comm'n, 294 Ark. 643, 746 S.W.2d 364 (1988); PulaskiCounty Civil Serv. Comm'n v. Davis, 292 Ark. 340, 730 S.W.2d 220 (1987). Therefore, the commission should not peruse personnel files for the purpose of obtaining information upon the basis of which it will create the promotional list.
Nevertheless, it is my opinion that the commission can obtain access to both personnel records and employee evaluation records under the provisions of the Freedom of Information Act (A.C.A. § 25-19-101 et seq.) (FOIA), if the required conditions are met.
Under the FOIA, personnel records are subject to disclosure except to the extent that their disclosure would constitute a clearly unwarranted invasion of the personal privacy of the individual whose records they are. See A.C.A. § 25-19-105(b)(10). Employee evaluation records are releasable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
See A.C.A. § 25-19-105(c)(1).
Although both personnel records and employee evaluation records can be obtained by the commission, I reiterate that the commission may not consider any information contained in them (other than test scores) as a basis for creating promotional lists.
Question 6 — Do the provisions of A.C.A. § 14-51-301(b)(5)(A) apply onlyto persons who have been convicted of or pleaded guilty to a felony, ordo these provisions also apply to persons who admit to havingparticipated in conduct which amounts to a felony?
It is my opinion that the provision of A.C.A. § 14-51-301(5)(A) which refers to felonies (i.e., the phrase "or who have been guilty of a felony") applies only to persons who are officially deemed guilty of a felony. This would include only persons whose guilt has been officially determined by the judicial branch of government. It is my opinion that this phrase in the statute does not apply to persons who have informally admitted to having participated in felonious conduct or who have merely been alleged to have done so.
A.C.A. § 14-51-301(b)(5)(A) requires that civil service commission rules provide for "[t]he rejection of candidates as eligibles who fail to comply with reasonable requirements of the board in regard to age, sex, physical condition, or who have been guilty of a felony, or who have attempted fraud or deception in connection with the examination." (Emphasis added.)
If the foregoing requirement regarding felonies were interpreted to include informal admissions of guilt or mere allegations of guilt, it would place the commission — a non-judicial body — in the position of making determinations of guilt. Because such determinations are the sole province of the courts, that interpretation would render the provision unconstitutional, in violation of the principle of separation of powers.See Ark. Const., art. 4, § 2. Statutes should be given an interpretation that renders them constitutional if possible. Arnold v. Kemp,306 Ark. 294, 813 S.W.2d 770 (1991); Urrey Ceramic Tile Co. v. Mosley,304 Ark. 711, 805 S.W.2d 54 (1991); Littleton v. Blanton, 281 Ark. 395,665 S.W.2d 239 (1984); Board of Trustees of Municipal Judges and ClerksFund, City of Little Rock v. Beard, 273 Ark. 423,620 S.W.2d 295 (1981); HeberSprings Sch. Dist. v. West Side Sch. Dist., 269 Ark. 148, 599 S.W.2d 371
(1980); Davis v. Cox, 268 Ark. 78, 593 S.W.2d 180 (1980).
For the foregoing reasons, I must interpret the felony portion of A.C.A. § 14-51-301(b)(5)(A) to refer only to persons whose guilt has been officially determined by the judicial branch of government.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] This section also states: "However, for ranks in each department where there may not be openings during an annual period, the board may establish rules to create the eligibles list on an as-needed basis." A.C.A. § 14-51-301(b)(4)(A)(i). It is my opinion that this phrase does not authorize the commission to establish rules that would allow it to create eligibles lists on any basis other than test scores. Rather, I believe that it authorizes the commission to establish rules concerning the timing of the creation of special lists that are not ongoing, as are the "current" lists referred to earlier in the section. The repeated references to promotions based upon test scores throughout the statute lead me to believe that all eligibles lists must be created upon the basis of test scores.