The Honorable Gene Roebuck State Senator P.O. Box 1696 Jonesboro, AR 72403-1696
Dear Senator Roebuck:
This is in response to your request for an opinion regarding the assessment and taxation of platted property. According to correspondence attached to your request, the plat to a particular piece of property was approved, with stipulations, by the municipal planning commission in November, 1996. The stipulations were met and the plat was recorded in May of 1997. The property was assessed for 1997 based upon the approved plat, with the taxes due in 1998. This has been questioned under A.C.A. §26-26-1107 (Repl. 1997), the argument being that property is not "platted" until the plat is recorded. Thus, it is contended this assessment should have been made in 1998, with the taxes due in 1999. The question presented, restated, is:
When was this property "platted" for purposes of A.C.A. § 26-26-1107?
RESPONSE
It is my opinion that the property was not "platted" for purposes of §26-26-1107, until it was duly recorded with the county recorder. Section26-26-1107 provides in relevant part that:
 . . . all town or city lots as may have been platted, as the case may be, subsequent to January 1 of any year shall be subject to assessment and taxation for the year immediately following the . . . platting.
A.C.A. § 26-26-1107(a) (Repl. 1997).
Although the term "platted" is not defined, it may reasonably be concluded from a review of other Code provisions pertaining to assessment and taxation procedures that this refers to recorded plats. The assessors "shall assess all lands or lots, or parts thereof, that may appear on the plats or lists furnished them." A.C.A. § 26-28-107 (Repl. 1997). Abstracts of "regularly platted" lots are furnished to the assessor under A.C.A. §26-26-702 as follows:
 [o]n or before January 1 of each year, the clerk of the county court of each county shall make out and deliver to the assessor, in books prepared for that purpose, an abstract containing a description of each tract or lot of land situated within the boundaries of any city or town and additions thereto which have been regularly platted into lots and blocks.
A.C.A. § 26-26-702(a) (Repl. 1997).
The assessor must also be provided with certified copies of recorded plats under A.C.A. § 26-26-709(e) (Repl. 1997), which requires transmittal within five days from the date of recording.
Established rules of statutory construction require that § 26-26-1107 be placed beside other statutes relevant to the subject and that it be given a meaning and effect derived from the combined whole. See generallyHercules, Inc. v. Pledger, 319 Ark. 702, 894 S.W.2d 576 (1995). When read together with the above provisions, Section 26-26-1107 reasonably has reference, in my opinion, to plats that are filed of record and then assessed accordingly. See also A.C.A. § 14-41-203 (Repl. 1998) (regarding entry of platted additions to cities and towns on tax books before delivery to assessor); A.C.A. § 14-18-104 (Repl. 1998) (assessment of platted lands outside municipalities in accordance with description on recorded plat). Assessment and taxation procedures are in place with respect to recorded plats, leading me to conclude that this is what the Legislature had in mind when it established the "administrative directive" under § 26-26-1107 requiring the assessment and taxation of platted property at the beginning of the year following the platting. SeeTaylor v. Finch, 288 Ark. 50, 51, 701 S.W.2d 377 (1986) (rejecting the argument that § 26-26-1107 creates an unconstitutional tax exemption, construing it instead as "providing, as an administrative directive, a time for assessment and taxation of property. . . .")
In conclusion, therefore, with regard to the platted property in question, it is my opinion that there was no "platting" for purposes of § 26-26-1107 until the plat was recorded. The time for assessment and taxation of such "platted" property is governed by § 26-26-1107.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh