The Honorable Gus Wingfield Treasurer of State 220 State Capitol Little Rock, Arkansas 72201
Dear Mr. Wingfield:
I am writing in response to your request for an opinion on the procedure outlined in A.C.A. § 12-9-209 (Repl. 1999), which requires the Treasurer of State to withhold certain county or municipal aid funds on behalf of cities or counties entitled to reimbursement for law enforcement training expenses. Specifically, A.C.A. § 12-9-209 establishes a sliding scale for one city, county or town to reimburse another city, county or town for the costs of training an officer at the Arkansas Law Enforcement Training Academy, where the reimbursing city, county or town employed the officer receiving the training within a certain amount of time after the training. Subsection (b) provides as follows:
 If any county, city, town, or state agency which employs an officer whose training expense was paid by another county, city, or town fails to make reimbursement for the expenses as required in subsection (a) of this section, the county, city, or town entitled to reimbursement shall notify the Treasurer of State. The Treasurer of State shall then withhold the amount of the reimbursement due for training the officer from the county or municipal aid of the employing county, city, or town or from funds appropriated to the employing state agency and shall remit the amount to the county, city, or town which is entitled to the reimbursement under the provisions of this section.
Your question with regard to this statute is as follows:
 In the absence of a corresponding legislative grant of fact finding authority, and authority to establish procedures to obtain such facts, giving consideration to constitutional issues of due process, is the Treasurer of State required by the Act to do more than withhold the amount of the reimbursement claimed due and remit it to the county, city or town providing the notice? If so, on what basis is the Treasurer of State to make a determination of the correctness of such claims, since such claims for reimbursement by the Treasurer of State are most likely to arise in disputed fact circumstances?
RESPONSE
To the extent your question is whether the Treasurer of State is constitutionally required by the due process clause of theFourteenth Amendment to the United States Constitution to "do more than withhold the amount of reimbursement claimed due" it is my opinion that the answer to this question is "no." It is settled that "[a] political subdivision of a state cannot invoke the protection of thefourteenth amendment against the state." Delta Special School District No. 5 v. State Board ofEducation, 745 F.2d 532 (8th Cir. 1984); and Arkansas State Hospitalv. Goslee, 274 Ark. 168, 623 S.W.2d 513 (1981), citing Alexander MilburnCo. v. Davis-Bournonville, 270 U.S. 390 (1926); City of Trenton v. NewJersey, 262 U.S. 182 (1923); and City of New York v. Richardson,473 F.2d 923 (2d Cir. 1973), cert. denied, 412 U.S. 950 (1973).
As you have noted, the applicable statute does not mention any procedure to be utilized by the Treasurer of State in performing his duties under the statute. The statute provides only that the requesting city, county or town "notify the Treasurer of State" and that the "Treasurer of State shall then withhold the amount of the reimbursement due. . . ." A.C.A. §12-9-209(b). I suggest, however, that the Office of the Treasurer of State work with legal counsel on my staff to formulate an approach to these issues.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh